By The Court.
The only'question raised by the demurrer is the constitutional validity of the legislation referred to. Its validity is denied because of the provisions of the first section of the amended act, which is as follows:
1 ‘Section 1. That all the property within the jurisdiction of this state, and any interest therein, whether belonging to inhabitants of this state or not, . and whether tangible or intangible, which shall pass by will or by the inter-state laws of this state, or by deed, grant, sale or gift made or in *625 tended to take effect in possesion or enjoyment after the death of the grantor, to any person in trust or otherwise, other than to or for the use of the father, mother, husband, wife, brother, sister, niece, nephew, lineal descendant, adopted child, or person recognized as an adopted child, and made a legal heir under the provisions of section 4182 of the Revised Statutes of Ohio, or the lineal descendant thereof, or the lineal descendant of any adopted child, the wife or widow of a son, the husband of the daughter of the decedent, shall be liable to a tax of five per centum of its value, above the sum of two hundred dollars, seventy-five per centum of such tax to be for the use of the state, and twenty-five per centum for the use of the county wherein the same is collected and all administrators, executors and trustees, and any such grantee under the conveyance made during the grantor’s life, shall be liable for all such taxes, with lawful interest as hereinafter provided, until the same shall have been paid as herein after directed. Such taxes shall become due and payable immediately upon the death of the decedent, and shall at once become a lien upon said property, and be and remain a lien until paid.”
Most of the objections urged against the validity of the act are answered in State ex rel v. Ferris, 53 Ohio St., 314. The act there held invalid made an inhibited distinction as to the value of the property received, the right to receive being there, as here, the real subject of the imposition. No such distinction appears in this act, which lays a uniform tax upon the reception of all amounts above 4 two hundred dollars, and that exemption is expressly authorized by the constitution in the levying of taxes upon property.
*626 This act* is said to be invalid because of its discriminations among the collateral kindred, the tax being imposed upon the value of the property-received by some and not upon that received by others. rI he power exercised by the general assembly in this instance is legislative and vested by the first section of the second article of the constitution. Since the right to receive property by inheritance is not guaranteed by the constitution, it prescribes no limitation upon the power of the general assembly to designate the persons who may thus receive. The discrimination is based upon, and justified by, the fact that there are degrees in collateral kinship.
It is further objected that the act is invalid because the provision that all property “which shall pass by will * * * sale or gift” shall be subject to the imposition, invades the owner’s guaranteed right to sell and convey property, which right is embraced within its enjoyment. But the meaning of the word “sale,” as used in the statute, is to be determined by the maxim noscitnr a sociis, and it includes only transactions which, though, in form sales, are in fact gifts. Since the act is within the legislative power granted, and not within the letter or spirit of any limitation hereon, it is valid.
The conclusion of the circuit court is well sustained by its opinion in the ease. 12 C. C. R., 606.

Judgment affirmed.